IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW SCOTT SIMPSON, Petitioner, | MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION FOR RECONSIDERATION |
| vs. | |
| UNITED STATES OF AMERICA, Respondent. | Civil Case No. 2:12-CV-204 TS<br>Criminal Case No. 2:08-CR-733 TS |

This matter is before the Court on Petitioner's Motion for Reconsideration. For the reasons discussed below, the Court finds Petitioner's Motion to be an unauthorized second or successive § 2255 petition and that it is not within the interests of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

I.  BACKGROUND

Petitioner was named in a one-count Indictment on October 29, 2008, charging him with possession of methamphetamine with intent to distribute. On April 28, 2010, Petitioner pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C). On August 2, 2010, Petitioner was sentenced to

1

90 months imprisonment, in compliance with the Rule 11(c)(1)(C) plea agreement.

Petitioner sought direct appeal. The Tenth Circuit Court of Appeals dismissed Petitioner's appeal and issued its mandate on September 13, 2011.

On September 19, 2011, Petitioner filed a Petition for Resentencing and Order Requiring Probation Department to Amend the Defendant's Presentence Report so it Conforms to the Facts. On November 2, 2011, the Court issued an order stating that Petitioner should bring the claims brought in his Petition in a motion under 28 U.S.C. § 2241, to be filed in the district in which he was confined.

Petitioner followed the directive of the Court and filed a § 2241 motion in the Central District of California (the "California Court"). However, during the litigation of Petitioner's § 2241 motion, Petitioner clarified his claims such that the California Court found that they should be brought in a § 2255 motion before this Court. As a result, the California Court transferred this action.

This Court then issued an Order stating that it would construe Petitioner's request as a § 2255 motion and provided a § 2255 pleading packet. Petitioner filed his § 2255 motion on March 30, 2012.

Petitioner's § 2255 Motion raised two arguments: (1) that the government breached the plea agreement by failing to recommend credit for time served; and (2) that the Judgment should be amended to include an RDAP recommendation.

On October 9, 2012, the Court issued an order denying Petitioner's § 2255 Motion. However, the Court agreed to amend the Judgment to include a recommendation that petitioner

be allowed to participate in the RDAP program.  Petitioner now moves for reconsideration.

## II.  DISCUSSION

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1]  The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[2]  Rule 59(e) motions are subject to the same analysis.[3]

> If the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion.  If, however the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[4]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[5]

> Conversely, it is a "true" [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[6]

In this case, Petitioner merely reargues the points made in his earlier petition.  Therefore, the Court finds that it is a second or successive petition that should be referred to the Tenth

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[2] *Id*.

[3] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

[4] *Spitznas*, 464 F.3d at 1217.

[5] *Id*. at 1215.

[6] *Id*. at 1215-16.

Circuit.  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[7]

The Tenth Circuit has identified factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[8]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion for Reconsideration.  As a result, the Court will dismiss Petitioner's Motion for lack of jurisdiction.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Reconsideration (Docket No. 21 in Case No. 2:12-CV-204 TS) is DISMISSED for lack of jurisdiction.

---

[7]*See* 28 U.S.C. § 1631.

[8]*In re Cline*, 531 F.3d at 1249, 1251 (10th Cir. 2008).

DATED   December 17, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge